UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
GEORGE WASHINGTON,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 13-1218 (JDB)
                                    )
COASTAL INTERNATIONAL SECURITY,     )
                                    )
            Defendant.              )
_____ )

# MEMORANDUM OPINION

Plaintiff alleges that his former employer, Coastal International Security ("CIS"), discriminated against him because of his military reserve status in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4319. *See generally* Compl. at 1-3. CIS moves to dismiss the complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure on the ground that venue in this district is improper. Def. Coastal International Security, Inc.'s Mem. in Support of its Mot. to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue [ECF No. 5-1] ("Def.'s Mem.") at 2. Alternatively, CIS "avers that venue is proper in the District of Maryland, and requests this Court to transfer this case to the District of Maryland." *Id.*

Generally, a party may file his lawsuit in:

>  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

1

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). However, the USERRA has its own venue provision which "trumps the general venue statute." *Johnson v. Gen. Dynamics Info. Tech., Inc.*, 675 F. Supp. 2d 236, 240 (D.N.H. 2009) (citations omitted). A claim under USERRA against a private employer may be brought in "any district in which the private employer . . . maintains a place of business." 38 U.S.C. § 4323(c)(2). That provision controls, but under either formulation, venue in this district is improper, while venue in the District of Maryland is proper.

Plaintiff, a resident of Maryland, states that his last workplace as a CIS employee was in Maryland. *See* Compl. at 1. CIS, by counsel, represents that it is "a South Carolina corporation with its principal place of business in Upper Marlboro, Maryland." Def.'s Mem. at 1. It appears, then, that Maryland is the judicial district in which CIS maintains a place of business, in which the employment actions giving rise to plaintiff's claims occurred, and in which CIS is subject to the Court's personal jurisdiction.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court will deny CIS's motion to dismiss and, in the interest of justice, instead will transfer this action to the United States District Court for the District of Maryland, where plaintiff could have brought this action initially.[1] *See Johnson*, 675 F. Supp. 2d at 244 (where the USERRA claim could have been

---

[1] CIS's request for an oral hearing will be denied as moot.

brought in one of two judicial districts, the court transferred action to the district "better positioned, on balance, to further the interest of justice"); *see also Goldawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) ("recogniz[ing] that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities'") (citing *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).

An Order accompanies this Memorandum Opinion.


DATE: January 10, 2014	/s/
	JOHN D. BATES
	United States District Judge